1  William M. Audet (CA State Bar #117456)
2  waudet@audetlaw.com
   Jonas P. Mann (CA State Bar #263314)
3  jmann@audetlaw.com
4  AUDET & PARTNERS, LLP
   221 Main Street, Suite 1460
5  San Francisco CA 94105
6  Telephone: 415.568.2555
7  Facsimile: 415.568.2556

8
9          IN THE UNITED STATES DISTRICT COURT

10      FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| ANNE McVICAR and ARCHIE McVICAR, individually and on behalf of all others similarly situated, Plaintiffs, v. GOODMAN GLOBAL, INC.; GOODMAN MANUFACTURING COMPANY, L.P.; and GOODMAN COMPANY, L.P., Defendants. | CASE NO. **CLASS ACTION COMPLAINT** **JURY TRIAL DEMANDED** |

12
13
14
15
16
17
18
19
20
21
22                  **CLASS ACTION COMPLAINT**
23
24          Plaintiffs, by and through undersigned counsel, on behalf of themselves and
25  all other persons and entities similarly situated, bring this Class Action Complaint
26  against Defendants Goodman Global, Inc., Goodman Manufacturing Company,
27  L.P., and Goodman Company, L.P. (hereinafter referred to as "Goodman" or
28  "Defendants"), and for their Complaint alleges, upon information and belief and

---

1

COMPLAINT

based on the investigation to date of counsel, as follows:

## INTRODUCTION AND SUMMARY OF ACTION

1.      This is a consumer class action on behalf of all persons and entities in the State of California who own a home or other structure in which air conditioning systems manufactured by Defendants under the Amana and Goodman brand names since 2007 (herein after referred to as the "Air Conditioners") are installed.

2.      Defendants designed, manufactured, warranted, advertised, and sold the Air Conditioners for use in the United States, including in the state of California.

3.      Defendants marketed and warranted to homeowners, builders, and contractors, including Plaintiffs and members of the class, that the Air Conditioners were of superior quality and engineered and built to be long-lasting and reliable.

4.      Defendants failed to properly and adequately design, formulate, and test the Air Conditioners before warranting, advertising, and selling them as durable and fit for use.

5.      The Air Conditioners contain defective evaporator coils that improperly and prematurely leak refrigerant under normal use.

6.       As the Air Conditioners leak refrigerant they are unable to function properly and are thus unfit for their ordinary and intended use.

7.      Contrary to their representations, Defendants knew or reasonably should have known that the Air Conditioners were defective at the time of leaving their control. Defendants knew or reasonably should have known of the defect in the Air Conditioners based on complaints from consumers and service technicians.

8.      Defendants failed to inform consumers, including Plaintiffs and members of the class, about the defect in the Air Conditioners and continued to deceptively and falsely make representations regarding the Air Conditioners

COMPLAINT

fitness for use and reliability.

9.    The Air Conditioners install in Plaintiffs' and class members' homes and other buildings have failed or will fail before the time periods advertised, marketed, warranted, and guaranteed by Defendants.

10.    As a result, Plaintiffs and members of the class have suffered actual damages in that the Air Conditioners installed in their homes and other buildings leak refrigerant, require clean up, refill, repair, and replacement.

11.    Had Plaintiffs and members of the class known the true facts about the defects in the Air Conditioners they would not have purchased and/or installed them in their homes or other buildings.

12.    Because of the relatively small size of the typical individual class members' claims, and because most homeowners or property owners have only modest resources, it is unlikely that individual class members could afford to seek recovery against Defendants on their own. This is especially true in light of the size and resources of the Defendants. A class action is, therefore, the only reasonable means by which class members can obtain relief from these Defendants.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act, in that (i) there is complete diversity (Plaintiffs are citizens of California and Defendants are incorporated in Delaware and Texas and otherwise maintain their principal places of business in Texas, (ii) the amount in controversy exceeds $5,000,000.00 (Five Million Dollars) exclusive of interests and costs, and (iii) there are 100 or more members of the proposed Plaintiffs class.

14.    Defendants conduct substantial business in California, including the sale and distribution of the Air Conditioners in California, and have sufficient contacts with California or otherwise intentionally avail themselves of the laws

COMPLAINT

and markets of California, so as to sustain this Court's jurisdiction over Defendants.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this claim occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and Defendants are subject to personal jurisdiction in this District.

16.     As a result of Defendants' manufacturing, marketing, distributing, promoting and/or selling their Air Conditioners to purchasers throughout California, either directly or indirectly through third parties or related entities, the Defendants have benefitted from the laws of California and profited from California commerce.

17.     Defendants conducted systematic and continuous business activities in and throughout the state of California by selling Air Conditioners throughout the State of California, and otherwise intentionally availed themselves of markets in the state of California through the promotion and marketing of their business.

## PARTIES

18.     Plaintiffs Anne McVicar and Archie McVicar, husband and wife, are citizens and residents of California, residing in Anaheim, Orange County, California.

19.     Defendant Goodman Manufacturing Company, L.P., is a Texas limited partnership with its headquarters located at 5151 San Felipe, Suite 500, Houston, Harris County, Texas 77056.

20.     Defendant Goodman Global, Inc., is a Delaware corporation with its corporate headquarters located at 5151 San Felipe, Ste. 500, Houston, Harris County, Texas 77056.

21.     Defendant Goodman Company, L.P., is a Delaware limited partnership with its headquarters located at 5151 San Felipe, Ste. 500, Houston,

COMPLAINT

Harris County, Texas 77056.

22. Defendant Goodman Global, Inc., is the parent company of all other defendants.

23. Each Defendant acted as the principal and/or agent for other Defendants with respect to all acts and conduct alleged in this Complaint.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23, and case law thereunder on behalf of himself and all others similarly situated, with the Class defined as follows:

> **All persons and entities in the State of California that have owned, own, or acquired homes, residences, buildings, or other structures physically located in the State of California in which Defendants' Goodman- and Amana- brand air conditioners have been installed.**

25. Plaintiffs reserve the right to amend the class definition following further investigation and discovery.

26. Excluded from the Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) GP and any entity in which GP has a controlling interest or which has a controlling interest in GP and its legal representatives, assigns and successors of GP; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

27. *Numerosity*: The Class is composed of thousands of persons geographically dispersed throughout the State of California, the joinder of whom in one action is impractical. Moreover, upon information and belief, the Class is ascertainable and identifiable from Defendants' records or identifying marks on the Air Conditioners.

28. *Commonality*:      The critical question of law and fact common to the Plaintiffs Class that will materially advance the litigation is whether the Air

Conditioners are inherently defective, contrary to the expectations imparted by Defendants through their representations and omissions.

29.     Furthermore, other questions of law and fact common to the Class that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class include the following:

a.   Whether the Air Conditioners are defective, defectively designed, and/or defectively manufactured;

b.   Whether Defendants knew or should have known about the defects in the Air Conditioners;

c.   Whether Defendants concealed from Plaintiffs and members of the class the defects in the Air Conditioners;

d.   Whether Defendants breached express or implied warranties relating to the Air Conditioners;

e.   Whether the terms of any express warranties were unconscionable or failed their essential purpose;

f.   Whether Defendants were unjustly enriched;

g.   Whether Plaintiffs and members of the class are entitled to damages;

h.   Whether Defendants engaged in unfair, false, misleading, or deceptive trade practices; and

i.   Whether Defendants made misrepresentations regarding the Air Conditioners.

30.     *Typicality*: Plaintiffs' claims are typical of the claims of the members of the Class, as all such claims arise out of Defendants' conduct in designing, manufacturing, marketing, advertising, warranting and selling the defective Air Conditioners and Defendants' conduct in concealing the defect in the Air Conditioners to owners, contractors, developers, and suppliers.

31.     *Adequate Representation*: Plaintiffs will fairly and adequately protect

COMPLAINT

the interests of the members of the Class and have no interests antagonistic to those of the Class. Plaintiffs have retained counsel experienced in the prosecution of complex class actions, including but not limited to consumer class actions involving, *inter alia*, breach of warranties, product liability and product design defects.

32.     *Predominance and Superiority*: This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class Members be required to bring separate actions, this Court and/or courts throughout Florida would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

## COMMON FACTUAL ALLEGATIONS

33.     Upon information and belief, Defendants have sold, directly or indirectly (through dealers and other retail outlets), thousands of Air Conditioners in the state of California to homeowners, developers, contractors, and/or subcontractors.

34.     According to Defendants' website, there are 58 authorized dealers of the Air Conditioners within 100 miles of San Francisco, California[1] and 319 authorized dealers of the Air Conditioners within 100 miles of Los Angeles,

---

[1]  http://www.goodmanmfg.com/Default.aspx?TabID=1422&ZipCode=94117 &Miles=100 (last accessed June 10, 2013).

COMPLAINT

California.[2]

35.     Upon information and belief, Defendants designed, manufactured, marketed, advertised, warranted and sold, through a distributor, the Air Conditioners to Plaintiffs and the Air Conditioners was installed in Plaintiffs's home.

36.     Upon information and belief, Defendants, through a distributor, designed, manufactured, marketed, advertised, warranted and sold the Air Conditioners to Class Members, Class Members' builders, contractors, subcontractors, and/or agents, and the Air Conditioners were installed on Class Members' Structures.

37.     Upon information and belief, Defendants provided an express warranty to Plaintiffs and Class Members and the owners of the structures on which the Air Conditioners were installed.

38.     In conjunction with each sale and through various forms of media, Defendants marketed, advertised and warranted that the Air Conditioners were fit for the ordinary purpose for which such goods were used and was free from defects in materials and workmanship.

39.     Defendants made express warranties about the quality and fitness of the Air Conditioners.

40.     On their website, Defendants represent:

We've been building quality Goodman brand air conditioning and heating equipment since 1982. Given our decades of experience in the heating and cooling business, our customers can be assured that Goodman brand air conditioning and heating systems meet the highest industry standards and are installed by some of the best and most experienced professionals in the industry.

When you choose the Goodman brand, you can rest assured that you'll receive a refreshingly affordable product that's covered by what many

---

[2]   http://www.goodmanmfg.com/Default.aspx?TabID=1422&ZipCode=90001&Miles=100 (last accessed June 10, 2013).

COMPLAINT

consider to be the best product warranties in the heating and cooling industry.

41.   Defendants provided express warranties on all of the Air Conditioners that they would be "free from defects in materials and workmanship under normal use and maintenance…" for periods ranging from five to ten years.

42.   Any limitations on Defendants' warranties are unconscionable and/or caused the warranties to fail their essential purpose because the Air Conditioners contained defective evaporator coils that were defective at the time Plaintiffs and members of the class acquired the Air Conditioners and Defendants knew or should have known they were defective but continued to represent they were free from defects and failed to inform consumers otherwise.

43.   Plaintiffs and members of the class had no notice of the defect and no way of learning about the defect other than from Defendants.

44.   The bargaining power between Plaintiffs and members of the class on the one hand and Defendants on the other was grossly unequal and any limitations on the warranty are substantially one-sided, making such limitations unconscionable.

45.   Defendants continue to make false representations about the quality and fitness of the Air Conditioners including, but not limited to:

> The Goodman brand has a central air conditioning system that is perfect for your home — at a refreshingly affordable price. Even on the hottest days of the year, you can keep your home cool and comfortable while enjoying low energy costs with a high-efficiency Goodman brand air conditioner. Don't choose between affordability, durability, and optimum cooling comfort. Install a Goodman brand air conditioner and get all three — and what we believe to be the best warranty protection in the heating and cooling industry. As you review the various Goodman brand air conditioners, remember that higher SEER numbers reflect the most energy-efficient systems.

COMPLAINT

With this central air conditioning system, you will enjoy top quality, high-efficiency cooling and chlorine-free refrigerant — all at a refreshingly affordable price.

We've become one of the largest manufacturers of residential and light commercial air conditioning, heating, and indoor air quality products and systems by focusing on just one thing—building the most reliable and refreshingly affordable indoor comfort products in the market.

For over three decades, the Goodman® brand has concentrated on something more important than simple brand-recognition consumer advertising. We've focused on the design, engineering, and manufacture of dependable products that have helped millions and millions of homeowners achieve reliable, high-quality, and affordable indoor comfort.

46. Contrary to its representations, the Air Conditioners are not of merchantable quality, not fit for their intended use, and are defective.

47. The representations made by Defendants were false and/or misleading and Defendants knew or should have known at the time they made them that they were false and/or misleading.

48. The Air Conditioners, like all air conditioning systems, contain three main components necessary for functioning: a compressor, a condenser, and an evaporator.

49. The Air Conditioners, like all air condition systems, require refrigerant to function.

50. The coils within the evaporator (known as evaporator coils) in the Air Conditioners are defective in that they leak the refrigerant.

51. As the refrigerant leaks, the Air Conditioners are unable to function.

52. This leaking is an inherent defect in the Air Conditioners that occurs during normal and intended use and is not the result of any problem with installation or use of the Air Conditioners.

10

COMPLAINT

53.     The leaking defect renders the Air Conditioners unfit for the ordinary purpose for which they are used because the loss of refrigerant reduces the function of the Air Conditioners and/or completely eliminates their ability to function.

54.     The defective evaporator coils in the Air Conditioners caused Plaintiffs and members of the class to suffer damages, including but not limited to, overpaying for the Air Conditioners, loss of use of the Air Conditioners, increased utility costs, labor costs, repair costs, and replacement refrigerant costs.

## PLAINTIFFS' FACTUAL ALLEGATIONS

55.     Plaintiffs Anne and Archie McVicar moved into a home they built in August 2012.

56.     During construction of Plaintiffs' home, their contractor, WCS Restoration, purchased on their behalf and installed a Goodman-manufactured heating and air conditioning unit.

57.     Approximately three weeks after moving into their newly constructed home the new Goodman-manufactured heating and air conditioning unit began to fail. Plaintiffs noticed that the unit did not produce cold air and would run on the "fan only" mode.

58.     A subcontractor for WCS Restoration inspected the unit and told the McVicars that the condenser unit of their new air conditioner was "weak" and should be replaced.

59.     In June 2013 the air conditioner again began to fail and the McVicars had it inspected again. The evaporator coil had to be replaced at a cost of $550.00.

60.     In July 2013 the air conditioners had to be serviced two more times. First, a booster was installed on the condenser at a cost of $350.00. Next, a different, stronger booster was installed and a blockage cleared out of the unit at a cost of $200.00.

61.     As of the date of filing of this Complaint, Plaintiffs have expended

over $1000.00 to repeatedly repair a Goodman-manufactured air conditioner that is less than only one year old.

## COUNT ONE

### Violation of the California Business and Professional Code:

### Unfair Business Practices

62. Plaintiffs re-alleges and incorporates by reference each of the paragraphs above.

63. Defendants' conduct in manufacturing, designing, engineering, fabricating, assembling, constructing, testing, examining, distributing, and/or marketing the Air Conditioners was an unfair, unlawful or fraudulent business practice in violation of California Business and Professions Code § 17200. Further, Defendants' concealment, intentional and negligent misrepresentation, and breach of express and implied warranties constitute unfair, unlawful, and fraudulent business acts and practices in violation of § 17200.

64. California Business and Professions Code § 17200 applies to all claims of all the Class members because the conduct which constitutes violations of the code by Defendants occurred within the State of California.

65. Plaintiffs and the Class have been injured and have suffered loss of money or property as a result of Defendants' unfair, unlawful, and/or fraudulent business acts and practices.

66. As a direct or proximate result of Defendants' unfair, unlawful or fraudulent business practices as set forth above, Defendant has been unjustly enriched by Plaintiffs and Class members' payment of consideration in the purchase of the Air Conditioners. As such, Plaintiffs and Class members are entitled to restitution of all consideration paid to Defendants under § 17200 or substantially similar Consumer Fraud and Deceptive Trade Practices Acts of the homes states of Class members.

67. Plaintiffs also requests appropriate injunctive relief to prevent

12

COMPLAINT

Defendants from taking advantage of purchasers of the Air Conditioners in such a fashion as Defendants did in manufacturing and marketing the Air Conditioners to Plaintiffs and Class members.

### COUNT TWO

### Violation of the California Business and Professional Code:

### False Advertising

68.    Plaintiffs re-alleges and incorporates by reference each of the paragraphs above.

69.    The conduct described above and throughout this Complaint took place within the State of California and constitutes deceptive or false advertising in violation of California Business and Professions Code § 17500.

70.    California Business and Professions Code § 17500 applies to all claims of all the Class members because the conduct which constitutes violations of the code by Defendants occurred within the State of California.

71.    California Business and Professions Code § 17500 prohibits deceptive or misleading practices in connection with advertising or representations made or the purpose of inducing, or which are likely to induce, consumers to purchase products.

72.    Defendants, when they marketed, advertised and sold the Air Conditioners, represented to Plaintiffs and Class members that the Air Conditioners were free of manufacturing defects, despite the fact that the Air Conditioners were defective and prone to failure almost immediately. The Air Conditioners were inherently defective and prone leaking and failure. At the time of its misrepresentations, Defendants were either aware that the Air Conditioners were defective or were aware that Defendants lacked the information and/or knowledge required to make such a representation truthfully.

73.    Defendants' descriptions of the Air Conditioners were false, misleading, and likely to deceive Plaintiffs and other reasonable consumers.

COMPLAINT

Defendants' conduct therefore constitutes deceptive or misleading advertising.

74.   As a direct and proximate result of Defendants' violations of the California Business and Professional Code as set forth above, Plaintiffs and the Class seek restitution of any monies wrongfully acquired or retained by Defendants and by means of its deceptive or misleading representations, including monies already obtained from Plaintiffs and the Class under § 17500 or substantially similar Consumer Fraud and Deceptive Trade Practices Acts of the homes states of Class members.

## COUNT THREE

## Violation of the California Consumer Legal Remedies Act

75.   Plaintiffs re-alleges and incorporates by reference each of the paragraphs above.

76.   The conduct described above and throughout this Complaint took place within the State of California and constitutes unfair methods of competition or unfair or deceptive acts or practices in violation of the Consumers Legal Remedies Act ("CLRA"), Civil Code § 1750, et seq.

77.   The CLRA applies to all claims of all the Class members because the conduct which constitutes violations of the CLRA by Defendant occurred within the State of California.

78.   Plaintiffs and members of the Class are "consumers" as defined by Civil Code § 1761(d).

79.   Goodman is a "person" as defined by Civil Code § 1761(c).

80.   The Air Conditioners qualify as "goods" as defined by Civil Code § 1761(a).

81.   Plaintiffs' and the Class members' purchases of the Air Conditioners and/or homes or structures on which the Air Conditioners are installed, are "transactions" as defined by Civil Code § 1761(e).

82.   The CLRA deems the following unfair methods of competition and

14

COMPLAINT

unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer as unlawful:

83.   "Representing that goods … have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have." Civil Code § 1770(a)(5).

84.   "Representing that goods … are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Civil Code § 1770(a)(7).

85.   Defendants engaged in unfair competition or unfair or deceptive acts or practices in violation of Civil Code §§ 1770(a)(5) and (a)(7) when they represented, through their advertising and other express representations, that the Air Conditioners had benefits or characteristics that they did not actually have.

86.   Defendants further violated the CLRA when they falsely represented that the Air Conditioners were of a certain standard or quality.

87.   Defendants violated the CLRA when it advertised the Air Conditioners with the intent not to sell them as advertised.

88.   Defendants' deceptive practices were specifically designed to induce Plaintiffs and Class members to purchase their products.

89.   Defendants engaged in marketing efforts to reach Class members, their agents, and/or third parties upon whom they relied, to persuade them to purchase and install the Air Conditioners manufactured by Defendants, or to purchase homes or other structures on which the defective Air Conditioners had been installed.

90.   To this day, Defendants continue to engage in unlawful practices in violation of the CLRA. Defendants continue to conceal the defective nature of the Air Conditioners.

91.   Plaintiffs, on behalf of themselves and the Class, demands that a

permanent injunction be issued against Defendants to enjoin them from the continued advertising and making of representations that omit material facts about the defective Air Conditioners, and force Defendants to replace and repair all defective Air Conditioners pursuant to Civil Code § 1780(d) or the substantially similar Consumer Fraud and Deceptive Trade Practices Act of the home states of Plaintiffs and the Class.

## COUNT FOUR

### Breach of Contract

92.    Plaintiffs re-allege and incorporate by reference each of the paragraphs above.

93.    Plaintiffs and member of the class, upon purchasing the Air Conditioners, entered into contracts and warranty agreements with Defendants.

94.    Defendants have uniformly breached their contracts and warranty agreements with Plaintiffs and member of the class by failing to supply Air Conditioners that were of merchantable quality and fit for the use for which they were intended and by failing to repair and/or replace defects in the Air Conditioners.

95.    As a proximate result of the aforementioned wrongful conduct and breach committed by Defendants, Plaintiffs and member of the class have suffered and will continue to suffer damages and economic loss in an amount to be proven at trial. Plaintiffs and member of the class are entitled to damages and injunctive and declaratory relief as claimed below.

## COUNT FIVE

### Breach of Express Warranty

96.    Plaintiffs re-allege and incorporate by reference each of the paragraphs above.

97.    In conjunction with its sale of the Air Conditioners, Defendants warranted that they would provide an operational product for a particular warranty

COMPLAINT

period or replace the defective product but without paying for the labor costs involved.

98.    In conjunction with its sale of the Air Conditioners, Defendants made numerous representations regarding the quality and durability of the Air Conditioners which formed the basis of express warranties.

99.    Defendants breached the express warranties because, as set forth in detail above, they failed to provide customers with a product that would perform the basic intended and essential functions of air conditioners for the specified warranty period.

100.   Defendants have received notice of the breaches of warranty alleged herein, by virtue of complaints made by purchasers of its Air Conditioners. Upon information and belief, Defendants have received scores of claims, complaints and other notices from its consumers advising Defendants of the defects in its Air Conditioners.

101.   Defendants have failed to provide Plaintiffs and the Class, as a warranty replacement, Air Conditioners that conform to the qualities and characteristics that Defendants have expressly warranted are possessed by their Air Conditioners.

102.   Despite requests to do so, Defendants refuse to adequately repair or replace their Air Conditioners in accordance with warranty terms. As a result, Plaintiffs and members of the class were forced and continue to be forced to wait for the substantially certain failure of their Air Conditioners and suffer the accompanying losses of money associated therewith.

103. Further, the warranties themselves are unconscionable and unenforceable in that they fail to achieve their specified purpose because they do not provide consumers with an adequate remedy for the failure of the Air Conditioners. The warranties do not provide the means for purchasers to repair and replace either the defective product itself, or damages to their homes

COMPLAINT

associated with and caused by these defects. Applying any warranty limitation to avoid the need to repair the defects set forth herein would be unconscionable in that, *inter alia*, the Air Conditioners contain inherent defects that were already existing at the time of purchase and Defendants knew, or were reckless in not knowing, about the defects, which could not be discovered by Plaintiffs and members of the class at the time of purchase, and purchasers lacked any meaningful choice with respect to the warranty terms.

104.   As a direct and proximate result of Defendants' breach of warranty, Plaintiffs and members of the class have suffered damages in an amount to be determined at trial.

## COUNT SIX

## Breach of the Implied Warranty of Merchantability

105.   Plaintiffs, individually and on behalf of all others similarly situated, readopts and incorporates by reference the allegations contained in paragraphs 1 through 66 as though fully set forth herein.

106.   An implied warranty of merchantability arises automatically when the product is a "good" and the seller is a merchant in the business of furnishing the product to the consumer. The Air Conditioners at issue here are goods and Defendants are merchants in the business of selling such Air Conditioners to consumers. Accordingly, all of Defendants' Air Conditioners come within the implied warranty of merchantability.

107.   An implied warranty of merchantability provides that the product is of merchantable quality and fit for its ordinary and intended use.

108. Defendants breached the aforementioned implied warranty of merchantability because the Air Conditioners were not of merchantable quality or fit for their ordinary and intended use and because they contained a defect at the time of their sale that resulted in, and continues to result in, leaking of refrigerant and failure of the product, when used in a normal, foreseeable and customary way.

109.   The defects at issue are latent defects. Plaintiffs and member of the class could not have known about the Air Conditioners' propensity for failure.

110.   As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiffs and members of the class have suffered damages in amounts to be determined at trial.

**COUNT SEVEN**

**<u>Fraudulent Concealment</u>**

111.   Plaintiffs re-allege and incorporate by reference each of the paragraphs above.

112.   Defendants knowingly, fraudulently and actively misrepresented, omitted and concealed from consumers material facts relating to the quality of their Air Conditioners and warranty process.

113.   Defendants had a duty to disclose to Plaintiffs and members of the class the actual quality of their Air Conditioners and the true nature of the warranty process.

114.   The misrepresentations, omissions and concealments complained of herein were material and were made on a uniform and market-wide basis. As a direct and proximate result of these misrepresentations, omissions and concealments, Plaintiffs and members of the class have been damaged, as alleged herein.

115.   Plaintiffs and members of the class reasonably and actually relied upon Defendants' representations, omissions and concealments. Such reliance may also be imputed, based upon the materiality of Defendants' wrongful conduct.

116.   Based on such reliance, Plaintiffs and Class members purchased the Air Conditioners and, as a result, suffered and will continue to suffer damages and economic loss in an amount to be proven at trial.

117.   Had Plaintiffs and member of the class been aware of the true nature

19

COMPLAINT

of Defendants' business practices, they would not have purchased the Air Conditioners.

118.   Defendants' acts and misconduct, as alleged herein, constitute oppression, fraud and/or malice, entitling Plaintiffs and members of the class to an award of punitive damages to the extent allowed.

119.   Plaintiffs and the members of the class are entitled to damages and injunctive relief as claimed below.

## COUNT EIGHT

### Negligent Misrepresentation

120.   Plaintiffs re-allege and incorporate by reference each of the paragraphs above.

121.   Defendants negligently and/or recklessly misrepresented, omitted and concealed from consumers material facts relating to the quality of the Air Conditioners and warranty process.

122.   Defendants have/had a duty to disclose to Plaintiffs and members of the class the actual quality of the Air Conditioners and the true nature of the warranties.

123.   The misrepresentations, omissions and concealments complained of herein were negligently or recklessly made to potential customers and the general public on a uniform and market-wide basis. As a direct and proximate result of these misrepresentations, omissions and concealments, Plaintiffs and members of the class have been damaged, as alleged herein.

124.   Plaintiffs and members of the class reasonably and actually relied upon Defendants' representations, omissions and concealments. Such reliance may also be imputed, based upon the materiality of Defendants' wrongful conduct.

125.   Based on such reliance, Plaintiffs and members of the class purchased the Air Conditioners and, as a result, suffered and will continue to suffer damages

1  and economic loss in an amount to be proven at trial.

2      126.   Had Plaintiffs and members of the class been aware of the true nature
3  of Defendants' business practices, they would not have purchased the Air
4  Conditioners.

5      127.  Defendants' acts and misconduct, as alleged herein, constitute
6  oppression, fraud and/or malice, entitling Plaintiffs and members of the class to an
7  award of punitive damages to the extent allowed.

8      128.   Plaintiffs and members of the class are entitled to damages and
9  injunctive relief as claimed below.

10                              **COUNT NINE**

11              **Violation of the Magnuson-Moss Act**

12      129.   Plaintiffs re-allege and incorporate by reference each of the
13  paragraphs above.

14      130.   The Magnuson-Moss Consumer Products Liability Act, 15 U.S.C
15  §2301, et seq. ("MMCPWA" or the "Act") provides a private right of action to
16  purchasers of consumer products against retailers who, *inter alia*, fail to comply
17  with the terms of a written warranty, express warranty and/or implied warranty.
18  As demonstrated above, Defendants have failed to comply with the terms of its
19  warranties - written, express and implied - with regard to the Air Conditioners that
20  it manufactured, advertised, distributed, marketed and/or sold.

21      131.   The Air Conditioners a consumer product as defined in 15 U.S.C. §
22  2301(1).

23      132.   Plaintiffs and the Class are consumers as defined in 15 U.S.C. §
24  2301(3).

25      133.   Defendants are suppliers and warrantors as defined in 15 U.S.C. §
26  2301(4) and (5).

27      134.  Defendants provided Plaintiffs and the Class with "written
28  warranties" within the meaning of 15 U.S.C. § 2301(6).

COMPLAINT

135.   Defendants are obligated under the terms of the written warranty to repair and/or replace the defective Air Conditioners sold to Plaintiffs and the Class.

136.   Additionally, pursuant to 15 U.S.C. § 2304(d)(l), the warrantor many not assess the consumer for any costs the warrantor or his representatives incur in connection with the required remedy of a warranted product . . . . [I]f any incidental expenses are incurred because the remedy is not made within a reasonable time or because the warrantor imposed an unreasonable duty upon the consumer as a condition of securing remedy, then the consumer shall be entitled to recover reasonable incidental expenses which are so incurred in any action against the warrantor."

137.   Despite repeated demands by Plaintiffs and the Class for Defendants to pay the labor costs and incidental expenses associated with the repair/replacement of the Air Conditioners, Defendants have refused to do so.

138.   As a direct and proximate result of Defendants' breach of its implied warranties and express written warranties stating that the Air Conditioners would be free from defects in materials and workmanship, and Defendants' refusal to pay the labor costs and incidental expenses associated with the repair and/or replacement of the Air Conditioners, Defendants have violated the statutory rights due Plaintiffs and the Class pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. thereby damaging Plaintiffs and the Class in an amount to be proven at trial.

## COUNT TEN

### Unjust Enrichment

139.   Plaintiffs re-allege and incorporate by reference each of the paragraphs above.

140.   "The unjust enrichment claim can be made from common classwide proof." *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 239 (C.D.

Cal. 2003) (certifying a nationwide class where Plaintiffs alleged defendants were unjustly enriched through a common scheme.). "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of each state's law are two fundamental elements - the defendant received a benefit from the Plaintiffs and it would be inequitable for the defendant to retain that benefit without compensating the Plaintiffs. The focus of the inquiry is the same in each state." *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. Apr. 24, 2009), *quoting Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 21 2007).

141.   Plaintiffs and Class members conferred a benefit on Defendants when they purchased the Air Conditioners.

142.   Defendants have been unjustly enriched in retaining the revenues derived from Class members' purchases of the Air Conditioners,  the retention of which under these circumstances is unjust and inequitable because the Air Conditioners were defective in design, were not fit for their ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and warranties disseminated by Defendants nor the reasonable expectations of ordinary consumers and caused the Plaintiffs and Class members to lose money as a result thereof.

143.   Plaintiffs and Class members suffered a loss of money as a result of Defendants' unjust enrichment because: (a) they would not have purchased the Air Conditioners on the same terms if the true facts concerning the defective Air Conditioners had been known; (b) they paid a price premium due to the fact the Air Conditioners would be free from defects; and (c) the Air Conditioners did not perform as promised.

144.   Because Defendants' retention of the non-gratuitous benefit conferred

COMPLAINT

on them by Plaintiffs and Class members is unjust and inequitable, D must pay restitution to Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

145. Plaintiffs and the Class Members are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon, all profits, benefits, and other compensation obtained by the Defendants from their deceptive, misleading, and unlawful conduct.

## COUNT ELEVEN

### Declaratory Relief

146. Plaintiffs re-allege and incorporate by reference each of the paragraphs above.

147. Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole within the meaning of Fed. R. Civ. P. 23.

148. Plaintiffs seeks a ruling that:

a.   The Air Conditioners have a defect which results in premature failure;

b.   Defendants' warranty fails of its essential purpose;

c.   Certain provisions of Defendants' warranty are void as unconscionable;

d.   Defendants must notify owners of the defect;

e.   Defendants will reassess all prior warranty claims and pay the full costs of repairs and damages; and

f.   Defendants will pay the costs of inspection to determine whether any Class member's Air Conditioner needs to be replaced.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of himself and the Class prays that this

COMPLAINT

case be certified and maintained as a class action and for judgment to be entered upon Defendants as follows:

           1.     For economic and compensatory damages;

           2.     For restitution;

           3.     For actual damages sustained or treble damages;

           4.     For punitive damages;

           5.     For injunctive and declaratory relief;

           6.     For reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action; and

           7.     For such other and further relief as this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a trial by jury on all claims so triable.

DATED: August 9, 2013

By: _____

      William M. Audet
      Jonas P. Mann
      AUDET & PARTNERS, LLP
      221 Main Street, Suite 1460
      San Francisco, California 94105
      Tel.:  415.568.2555
      Fax:  415.568.2556
      Email:     waudet@audetlaw.com
                  jmann@audetlaw.com

      *Attorneys for Plaintiffs*

COMPLAINT

From:Court Link Inc.                714 836 4449          08/12/2013 17:24    #563 P.0077010

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____David O. Carter_____ and the assigned Magistrate Judge is _____Robert N. Block_____.

The case number on all documents filed with the Court should read as follows:

## SACV13-01223 DOC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

| August 12, 2013 | By | Lori Wagers |
|---|---|---|
| Date | | Deputy Clerk |

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                     NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

113M576613095.tif - 8/12/2013 5:32:44 PM

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

ANNE McVICAR
ARCHIE McVICAR

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

GOODMAN GLOBAL, INC.,
GOODMAN MANUFACTURING COMPANY, L.P., and
GOODMAN COMPANY, L.P.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

WILLIAM M. AUDET and JONAS P. MANN
AUDET & PARTNERS, LLP
221 MAIN ST., STE. 1460, SAN FRANCISCO, CA 94117
(415) 568-2555

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No **MONEY DEMANDED IN COMPLAINT: $** Over $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of Warranties, Breach of Contract, California Unfair Competition Law, and California Consumer Legal Remedies Act claims related to defective air conditioning systems; diversity under CAFA, 28 U.S.C. 1332(d).

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☒ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** SACV13-01223 DOC (RNBx)

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

113M576613095.tif - 8/12/2013 5:32:44 PM

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

if yes, list case number(s):

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following Information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | TEXAS |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____  DATE: August 9, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |