William M. Audet (CA State Bar #117456)
waudet@audetlaw.com
Jonas P. Mann (CA State Bar #263314)
jmann@audetlaw.com
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE McVICAR and ARCHIE McVICAR, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>GOODMAN GLOBAL, INC., *et al.,*<br><br>        Defendants. | CASE NO.  SACV13-01223 DOC<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Date: November 11, 2013<br>Time: 8:30 a.m.<br>Location: Courtroom 9D<br><br>Hon. David O. Carter |

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................. 1

II.  FACTUAL BACKGROUND................................................................ 3

III. LEGAL STANDARD ......................................................................... 4

IV. ARGUMENT....................................................................................... 5

   A.   PLAINTIFFS' UCL CLAIM IS WELL PLEADED ......................... 5

      1.   Plaintiffs' Complaint Sufficiently Alleges Standing Under the UCL (and other causes of Action). ..................................... 6

      2.   The Complaint Alleges Unlawful Conduct Under the UCL .. 10

      3.   The Complaint Alleges Unfair Conduct Under the UCL ....... 11

      4.   The Complaint Alleges Fraudulent Conduct Under the UCL.................................................................................... 12

   B.   DEFENDANTS' ADVERTISING OF THE AIR CONDITIONERS WAS FALSE AND MISLEADING .................. 15

   C.   PLAINTIFFS' CLRA CLAIM IS WELL-PLEADED ..................... 15

      1.   Plaintiffs Do Not Need Privity With Defendants to Allege a Claim Under the CLRA ........................................................ 17

      2.   Plaintiffs' Complaint Alleges Sufficient Reliance and Causation.................................................................................. 17

   D.   DEFENDANTS BREACHED THEIR CONTRACT WITH PLAINTIFF .................................................................................. 18

   E.   DEFENDANTS BREACHED THEIR WARRANTIES.................. 19

      1.   Defendants Breached the Terms of Their Express Warranty . 19

      2.   Defendants Breached the Implied Warranty of Merchantability ...................................................................... 20

      3.   Defendants' Conduct Violated the Magnuson-Moss Act....... 22

   F.   DEFENDANTS FRAUDULENTLY CONCEALED THE DEFECTIVE NATURE OF THE AIR CONDITIONERS ............. 23

i               SACV13-01223 DOC

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

G.    DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED BY
       THEIR CONDUCT ............................................................... 24

H.    PLAINTIFFS ARE ENTITLED TO DECLARATORY RELIEF ... 24

V.  CONCLUSION ................................................................................. 25

ii                          SACV13-01223 DOC

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

1

## TABLES OF AUTHORITIES

2

**Cases**

3   *All West Elecs., Inc. v. M-B-W, Inc.*, 64 Cal. App. 4th 717 (1998) ....................... 21

4   *Arnold v Dow Chemical* Co.,

5         91 Cal. App. 4th 698 (2001) ...................................................................... 21

6   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................... 4, 5

7   *Bank of the West v. Superior Court*,

8         2 Cal. 4th 1254 (1992) ............................................................................ 12

9   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................. 4, 5

10  *Brennan v. Lermer Corp.*, 626 F. Supp. 926 (1986) ............................................. 16

11  *Cartwright v. Viking Industries, Inc.*, 249 F.R.D. 351 (E.D. Cal. 2008) .............. 21

12  *CDF Firefighters v. Maldonado*,

13        158 Cal. App. 4th 1226 (Ct. App. 2008) ................................................... 18

14  *Cholokyan v. Mercedes-Benz USA, LLC*,

15        796 F. Supp. 2d 1220 (C.D. Cal. 2011) ..................................................... 10

16  *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249 (2011) ................................... 23

17  *CRST Van Expedited, Inc. v. Werner Enters., Inc.*,

18        479 F.3d 1099 (9th Cir. 2007) ................................................................... 10

19  *Daugherty v. Am. Motor Co.*, 144 Cal. App. 4th 824 (2006) .............................. 16

20  *Evan v. Linden Research, Inc.*, 763 F. Supp. 2d 735 (E.D. Pa. 2011) .................. 16

21  *Falk v. Gen. Motors Corp.*,

22        496 F. Supp. 2d 1088 (N.D. Cal. 2007) .................................................... 17

23  *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017 (9th Cir. 2013) ................................ 5

24  *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657 (1992) ........................... 24

25  *Gilbert Financial Corp. v. Steelform Contracting Co.*,

26        82 Cal. App. 3d 65 (1978) ..................................................................... 8, 21

27  *Granfield v. NVIDIA Corp.*,

28        2012 U.S. Dist. 98678 (N.D. Cal. 2012) ...................................................... 9

    *Greenman v. Yuba Power Prods.*, 59 Cal. 2d 57 (1963) ...................................... 20

SACV13-01223 DOC

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

*In re Intel Laptop Battery Litig.*,
     2010 U.S. Dist. LEXIS 132655 (N.D. Cal. Dec. 15, 2010)............................. 9

*In re NVIDIA GPU Litig.*,
     2009 U.S. Dist. LEXIS 108500 (N.D. Cal. 2009) ........................................ 16

*In re TFT-LCD Antitrust Litig.*,
     2011 U.S. Dist. LEXIS 32380 (N.D. Cal. Mar. 25, 2011) ............................. 25

*In re Tobacco II Cases*, 46 Cal. 4th 298 (2009) ........................................ 13

*Keegan v. American Honda Motor Co. Inc.*,
     284 F.R.D. 504 (C.D. Cal. 2012)................................................................ 20

*Korea Supply Co. v. Lockheed Martin Corp.*,
     29 Cal. 4th 1134 (2003) ............................................................................. 10

*Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011) ................................. 7, 14

*Lanovas v. Twinings, N. Am., Inc.*
     2013 U.S. Dist. LEXIS 25612 (N.D. Cal. Feb. 25, 2013) ............................. 9

*Lavie v. Procter & Gamble Co.*,
     105 Cal. App. 4th 496 (2003) .................................................................... 12

*Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723 (2000) ...................................... 24

*LiMandri v. Judkins*, 52 Cal. App. 4th 326 (1997).............................................. 17

*Marilao v. McDonald's Corp.*,
     632 F. Supp. 2d 1008 (S.D. Cal. 2009) .................................................... 9

*Massachusetts Mutual Life Ins. Co. v. Superior Court*,
     97 Cal. App. 4th 1282 (2002) .................................................................... 12

*Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297 (2009) ........................... 21

*Miller v. Ghirardelli Chocolate Co.*,
     912 F. Supp. 2d 861 (N.D. Cal. 2012)....................................................... 9

*NuCal Foods, Inc. v. Quality Egg LLC*,
     918 F.Supp.2d 1023 (E.D. Cal. 2013) ...................................................... 18

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049 (9th Cir. 2008) ........ 23

*Prata v. Superior Court*, 91 Cal. App. 4th 1128 (2001) ...................................... 12

*ProMex, LLC v. Hernandez*, 781 F.Supp.2d 1013 (C.D. Cal. 2011).................... 18

iv                                    SACV13-01223 DOC

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

*Quatela v. Stryker Corp.*,
   820 F. Supp. 2d 1045 (N.D. Cal. 2010) ............................................................. 8

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
   34 Cal.4th 979 (2004) ...................................................................................... 23

*Rodrigues v. Campbell Industries*,
   87 Cal. App. 3d 494 (1978) ............................................................................... 8

*Sanchez v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 70468 ........................ 10

*Sanders v. Apple Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) .............................. 20

*Schnall v. Hertz*, 78 Cal. App. 4th 1144 (2000) .................................................... 11

*Shamsian v. Atl. Richfield Co.*, 107 Cal. App. 4th 967 (2003) .............................. 23

*Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223 (C.D. Cal. 2003) ... 24

*Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135 (1986) .................. 19

v

SACV13-01223 DOC

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

Plaintiffs Ann McVicar and Archie McVicar ("Plaintiffs"), by and through their undersigned counsel, respectfully submit this Memorandum of Points and Authorities in Opposition to Defendants Goodman Global, Inc., Goodman Manufacturing Company, L.P., and Goodman Company, L.P.'s ("Defendants" or "Goodman") Motion to Dismiss Complaint.

## I. INTRODUCTION

As detailed in the Complaint, Plaintiffs, like other similarly situated purchasers of the Goodman Air Conditioners, have spent hundreds of dollars in out of pocket costs attempting to fix what is clearly a defective product. In an effort to avoid any consequences of selling a defective product (and failing to honor their own warranty obligations), Defendants now seek to obtain dismissal of this class action by claiming that Plaintiffs in this case lack standing, and that Plaintiffs have failed to allege sufficient facts to support the statutory and common law claims asserted in the Complaint ("Compl.").

As detailed below, Defendants' arguments rest on the fallacy that Plaintiffs do not have standing to pursue any claims against the Defendants. Indeed, Defendants boldly proclaim that "plaintiffs admit that they did not purchase an Amana or Goodman brand air conditioner." (Def's Mot. at p.1 ln.4-5.) This statement is simply not true. As detailed in the Complaint, Plaintiffs moved into a home they built in August 2012. (Compl. ¶55.) Prior to moving into the house, "[d]uring construction of Plaintiffs' home, their contractor, WCS Restoration, purchased on their behalf and installed a Goodman-manufactured heating and air conditioning unit." (Compl. ¶56.) Defendants' brief, for the most part, claims that because Plaintiffs' contractor, acting as Plaintiffs' agent, purchased the defective air conditioner on their behalf, with Plaintiffs' funds, for installation in their home, for their use, Plaintiffs are barred from asserting any claims against the Defendants. Defendants' arguments on standing are factually and legally incorrect.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

First, Plaintiffs' contractor was acting as their agent in purchasing the Goodman Air Conditioner. This is not a case of Plaintiffs buying a home from a third party or even a builder, as alleged, Plaintiffs were building the home. Thus, Plaintiffs have adequate standing to pursue the claims in the Complaint. Second, Defendants expressly extend their warranty to ultimate users of the Goodman Air Conditioners (i.e., homeowners). The Goodman Air Conditioner was purchased by Plaintiffs and was installed in their home for their use at that home. Defendants cannot now disavow the terms of their own warranty. Third, Plaintiffs are intended third party beneficiaries to the sales contract, as the Goodman Air Conditioner was purchased for use in their home. Accordingly, Plaintiffs are entitled to enforce that contract. Accordingly, Defendants' standing arguments must fail.

With respect to Defendants' argument that Plaintiff failed to allege the terms of the warranty and contract for purposes of asserting the breach of express warranty and breach of contract claims, these arguments ignore the specific language in the Complaint. Plaintiffs allege that their contractor purchased on their behalf a Goodman-manufactured heating and air conditioning unit. (Compl. ¶56.). Regarding the breach of warranty claim, Plaintiffs' Complaint contains numerous allegations regarding the false representations that form part of the warranty made for the sale of the Air Conditioners. (Compl. ¶45.) Again, it is unclear what more Defendants believe is necessary under California law to state a viable claim.

Similarly, Plaintiffs' unjust enrichment claim is also viable, as Defendants' ignore directly contrary case law in California that holds that unjust enrichment is a cause of action. As alleged, Defendants have been unjustly enriched: they have obtained money from Plaintiffs and members of the putative class in exchange for providing Air Conditioners they knew or should have known to be defective. To allow them to profit from this enterprise would be manifestly unjust.

Finally, Defendants' efforts to obtain dismissal of Plaintiffs' claims for declaratory relief count ignores the Federal Rules of Civil Procedure and must fail.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

1  Plaintiffs are entitled to plead alternative theories and are not required to make
2  their election at this preliminary stage of the proceedings.

3         Accordingly, as the Plaintiffs have standing and have stated viable claims,
4  Defendants' motion to dismiss should be denied in its entirety.

5  **II.    FACTUAL BACKGROUND**

6         Defendants designed, manufactured, warranted, advertised, and sold
7  Goodman Air Conditioners. (Compl. ¶2.) Defendants represented in marketing
8  and other materials that the Goodman Air Conditioners were of superior quality
9  and engineered and built to be long-lasting and reliable. (Compl. ¶3.)
10 Unfortunately, the Goodman Air Conditioners are defective and contain defective
11 evaporator coils that improperly and prematurely leak refrigerant, rendering them
12 useless under normal conditions. (Compl. ¶5.) Defendants failed to properly
13 design the Goodman Air Conditioners *and* failed to adequately disclose their
14 defective nature to Plaintiffs or members of the putative class. (Compl. ¶¶4, 7, 8.)
15 Defendants knew or should have known at the time the Goodman Air
16 Conditioners left their control that they were unfit for use and would not perform
17 as warranted. (Compl. 7.) Because of the defective nature of the Goodman Air
18 Conditioners, they will fail well before their warranted life, causing great expense
19 to Plaintiffs and members of the putative class. (Compl. ¶¶9-10.)

20        Not only did Defendants fail to disclose the defective nature of the
21 Goodman Air Conditioners, Defendants made numerous affirmative
22 misrepresentations about the Goodman Air Conditioners. (*See* Compl. ¶45.)
23 Further, Defendants made numerous misrepresentations about the warranty
24 provided, including that the Goodman Air Conditioners were "covered by what
25 many consider to be the best product warranties in the heating and cooling
26 industry." (Compl. ¶40.) Defendants represented that the Goodman Air
27 Conditioners would be "free from defects in materials and workmanship under
28 normal use and maintenance…" (Compl. 41.)

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

Plaintiffs are husband and wife, residing in Anaheim, Orange County, California. (Compl. ¶18.) In August 2012, Plaintiffs moved into a new home they built. (Compl. ¶55.) During construction of Plaintiffs' home, their contractor purchased on their behalf a Goodman-manufactured heating and air conditioning system. (Compl. ¶56.) Almost immediately after moving into their new home, Plaintiffs began to have problems with the Goodman Air Conditioner. (Compl. ¶57.) Upon inspection by a subcontractor, Plaintiffs were informed that the condenser unit of their less than one-month-old air conditioner was "weak" and should be replaced. (Compl. ¶58.)

In June 2013, just ten months after moving into their new home, the Goodman Air Conditioner further failed and was once again inspected. (Compl. ¶59.) This time, the evaporator coil was replaced, costing Plaintiffs approximately $550.00 in labor costs. (Compl. ¶59.) One month later, in July 2013, the Air Conditioner had to be serviced twice more. (Compl. ¶60.) A blockage was cleared and two boosters were installed costing Plaintiffs another $550.00 in labor costs. (Compl. ¶60.)

## III.   LEGAL STANDARD

Contrary to Defendants' attempts in impose a higher burden, the Federal civil system remains a notice pleading standard. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Proper pleading does "not require heightened facts pleading of specifics." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require 'detailed factual allegations…', 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 55).

Further, in reviewing a motion to dismiss, the Court must accept all allegations as true and draw all reasonable inferences in Plaintiff's favor as the

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

non-moving party. *See Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbably and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

Despite Defendants' protestations to the contrary, that is exactly what Plaintiffs' Complaint does. As alleged in the Complaint: Defendants designed, marketed, and sold a defect heating and air conditioning system; sold that system to members of the putative class, including named Plaintiffs, who then installed those systems on their homes. Thereafter, the system failed well before its warranted life, harming class members, including Plaintiffs.

## IV.   ARGUMENT

### A.   PLAINTIFFS' UCL CLAIM IS WELL PLEADED

Plaintiffs' Complaint sufficiently alleges a claim under the California Unfair Competition Law ("UCL"), Cal. Bus & Prof. Code § 17200, *et seq.* The UCL protects consumers and Defendants' competitors by prohibiting "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. A plaintiff may bring a UCL claim on behalf of himself and all others similarly situated when he has "suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.

"The purpose of the UCL is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1470 (2006) (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002)). "The scope of the UCL is quite broad*." Morgan v. AT&T Wireless Services, Inc.*, 177 Cal. App. 4th 1235, 1254

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

1   (2009) (quoting *McKell*, 142 Cal. App. 4th at 1471). The UCL "defines 'unfair

2   competition' to mean and include 'any unlawful, unfair or fraudulent business act

3   or practice and unfair, deceptive, untrue or misleading advertising…'" *McKell*, 142

4   Cal. App. 4th at 1471 (citing Cal. Bus. & Prof. Code §§ 17200, 17500, *et seq.*,

5   *Kasky*, 27 Cal. 4th at 949). "[A] business practice need only meet one of the three

6   criteria to be considered unfair competition." *McKell*, 142 Cal. App. 4th 1471

7   (quoting *South Bay Chevrolet v. General Motors Acceptance Corp.*, 23 Cal. 3d

8   442, 449 (1979)).

9         Here, Plaintiffs bring their UCL claim under all three prongs of the statute.

10   Plaintiffs moved into a home they built in August 2012. (Compl. ¶55.) During

11   construction of the home, Plaintiffs' contractor purchased on their behalf[1] and

12   installed a Goodman-manufactured heating and air conditioning unit. (Compl.

13   ¶56.) Almost immediately after they moved in, the Goodman Air Conditioner

14   began to fail as it ran on "fan only" mode and did not produce cold air. (Compl.

15   ¶57.) The condenser in Plaintiffs' Goodman Air Conditioner had to be replaced.

16   (Compl. ¶58.) In June 2013, the evaporator coil had to be replaced, costing

17   Plaintiffs' approximately $550.00. (Compl. ¶59.) In July 2013, Plaintiffs had to

18   have their Goodman Air Conditioner serviced twice, costing them approximately

19   another $550.00 in labor costs. (Compl. ¶60.) Defendants knew or should have

20   known about the defects in their Air Conditioners and did nothing to disclose

21   those defects to Plaintiffs. (Compl. ¶¶7-8.)

22         **1.    Plaintiffs' Complaint Sufficiently Alleges Standing Under
23                 the UCL (and Other Causes of Action).**

24         Defendants conflate the injury requirement under UCL with the issue of

25   privity. Under the UCL, a plaintiff need only allege: 1) "a loss or deprivation of

---

[1] To the extent that Defendants continue to argue or the Court believes this
allegation is vague, the money to purchase the Goodman Air Conditioner came
from Plaintiffs who were reconstructing their home following a fire.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

money or property…, i.e., *economic injury*, and 2) show that economic injury was… *caused by*, the unfair business practice or false advertising that this the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011).  Plaintiffs quite obviously suffered economic injury in the purchase of the defective product and in the cost of attempting to repair the defective product, and so alleged in the Complaint. Plaintiffs purchased the product, and as alleged, have had their Goodman Air Conditioner service four times and have spent over $1000 in labor costs. (Compl. ¶¶55-61.) This is the very definition of economic injury.

Defendants' main argument against this and other claims is based on a false presentation of a privity requirement. Nowhere does the UCL (or any case law) demand that direct contractual privity is required, and none of the cases cited by Defendants support this requirement. Indeed, common to nearly all of Defendants' arguments is their false assertion that Plaintiffs lack standing because they did not go out and visit and store and physically purchase the Goodman Air Conditioner themselves. Yet such a precondition to standing is not the law of California.

As alleged in the Complaint, Plaintiffs built a home in August 2012. (Compl. ¶55.) "During construction of Plaintiffs' home, their contractor, WCS Restoration, purchased on their behalf and installed a Goodman-manufactured heating and air conditioning unit." (Compl. ¶54.) That Plaintiffs did not physically go to the store and leave with the air conditioner themselves and instead purchased it through their agent is completely irrelevant. Further, given the normal way home construction products are bought and sold, it is the rarest of cases that the homeowners would ever physically purchase the product themselves.

Here, as alleged in the Complaint, the Goodman Air Conditioner was purchased on Plaintiffs' behalf, with Plaintiffs' money, for installation and use in Plaintiffs' home, and that Goodman Air Conditioner is defective and has failed, damaging Plaintiffs. Nothing more is required.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

The express warranty offered by Defendants (the breach of which forms but one basis for Plaintiffs' UCL claim) specifically extends coverage to the ultimate homeowner, whether or not that homeowner was the purchaser in the first instance. For Defendants to now argue that Plaintiffs cannot enforce the warranty they offered on the Goodman Air Conditioner or pursue related claims under the UCL is simply disingenuous. Indeed, in order to pursue a breach of express warranty claim, **privity is not required**. *See Quatela v. Stryker Corp.*, 820 F. Supp. 2d 1045, 1048 (N.D. Cal. 2010); *Rodrigues v. Campbell Industries*, 87 Cal. App. 3d 494, 500 (1978).

Additionally, Plaintiffs are intended third party beneficiaries of the sales contract for the Goodman Air Conditioner. In California "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code § 1559. "A contract made "expressly" for a third party's benefit need not specifically name the party as the beneficiary; to be deemed a third-party beneficiary, one need only to have experienced more than an incidental benefit from the contract." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, 754 F. Supp. 2d 1145, 1184 (C.D. Cal. 2010) (citing *Gilbert Financial Corp. v. Steelform Contracting Co.*, 82 Cal. App. 3d 65, 69 (1978)).

The cases cited by Defendants offer no support for their attempt to impose an absolute requirement of privity on Plaintiffs where none exists. First, in *Lanovas v. Twinings N. Am., Inc.*, the plaintiff brought claims related to a number of different products manufactured by the defendant but alleged using only one and the court dismissed the plaintiff's claims related to products she did not buy or allege having at all. 2013 U.S. Dist. LEXIS 25612, at *3-5 (N.D. Cal. Feb. 25, 2013). This is wholly unrelated to the instant case where Plaintiffs alleged that their contractor purchased the Goodman Air Conditioner on their behalf and installed it in their home and then they paid to repair it multiple times. *In re Intel*

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

*Laptop Battery Litig.*, 2010 U.S. Dist. LEXIS 132655, at *9 (N.D. Cal. Dec. 15, 2010), was a motion for summary judgment, not a motion to dismiss, and the court granted a motion for summary judgment against one plaintiff because a "shareholder or officer of a corporation generally cannot recover for legal injuries suffered by the corporation" and the product at issue was purchased with corporate money for the benefit of the corporation. Nothing in *Intel Laptop* applies to this case, as here, Plaintiffs' agent, their contractor, purchased the Goodman Air Conditioner on their behalf with their money for their benefit. Likewise, none of the other cases cited by Defendants remotely apply to the case at hand. *See Marilao v. McDonald's Corp.*, 632 F. Supp. 2d 1008, 1012–13 (S.D. Cal. 2009) (the plaintiff received a *free* gift card and thus the court found he did not lose money or property sufficient to make a claim); *Granfield v. NVIDIA Corp.*, 2012 U.S. Dist. 98678, at *19 (N.D. Cal. 2012) (the plaintiff asserted claims for products he had not purchased or paid for, and the complaint did not contain any such allegations); *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861 (N.D. Cal. 2012) (the plaintiff purchased *one* product and then brought suit on *five* products and the court dismissed the claims as to the four he never purchased, but allowed the case to proceed for one product he did allegedly purchase).

In short, not one of the cases cited by Defendants hold that purchasing the product at issue through an agent is a bar to a UCL claim because no such requirement exists. Indeed, in circumstances where, as here, Plaintiffs are the end consumer and lost money as a result of the transaction, the court has consistently held that a plaintiff "need only allege that he suffered a concrete financial loss to demonstrate actual injury in fact." *Cholokyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1229-30 (C.D. Cal. 2011) (finding standing where Plaintiff did not pay for repair to defective vehicle); *Sanchez v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 70468 at *8 ("To have standing under the UCL [Plaintiff] need only

SACV13-01223 DOC

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

demonstrate that she spent or lost money due to an unfair business practice."). Accordingly, Plaintiffs have standing to pursue this (and other claims).

### 2.    The Complaint Alleges Unlawful Conduct Under the UCL

Plaintiffs' Complaint alleges a host of unlawful conduct on the part of Defendants sufficient to support a claim under the UCL. "Unlawful business acts or practices within the meaning of the UCL include anything that can properly be called a business practice and that at the same time is forbidden by law." *McKell*, 142 Cal. App. 4th at 1474 (quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999)). "A practice is forbidden by law if it violates any law, civil or criminal, statutory or judicially made, federal, state or local." *McKell*, 142 Cal. App. 4th at 1474 (citing *Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001); *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838 (1994)). "By extending to business acts or practices which are 'unlawful,' the UCL permits violations of other laws to be treated as unfair competition that is independently actionable. Even if the violation of another law does not create a private right of action, if the violation constitutes unfair competition, it is actionable." *McKell*, 142 Cal. App. 4th at 1474-75 (quoting *Kasky*, 27 Cal. 4th at 949-50) (internal quotations omitted).

Plaintiffs have sufficiently alleged a breach of express warranty, breach of implied warranty, CLRA, and violation of the Magnuson-Moss Act. These violations constitute a business practice that is also forbidden by law (and thus serve as predicate for the UCL claim). *See CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1107 (9th Cir. 2007) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003) and finding the UCL "embraces anything that can properly be called a business practice and that at the same time is forbidden by law ... Section 17200 'borrows' violations from other laws by making them independently actionable as unfair competition practices."). Defendants have sold to Plaintiffs and thousands of other homeowners Goodman

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

Air Conditioners that fail to perform as represented and Defendants have, through their business practices, failed to inform Plaintiff and other homeowners of the inherent defects and have failed to adequately repair them once they have failed. Thus, Plaintiffs have alleged an unlawful business practice.

### 3.     The Complaint Alleges Unfair Conduct Under the UCL

Plaintiffs' Complaint alleges unfair conduct on the part of Defendants sufficient to support a claim under the UCL. "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell*, 142 Cal. App. 4th at 1473 (quoting *Schnall v. Hertz*, 78 Cal. App. 4th 1144, 1166 (2000)). "The determination whether a business practice is unfair involves an examination of that practice's impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *McKell*, 142 Cal. App. 4th at 1473 (quoting *Wilner v. Sunset Life Ins. Co.*, 78 Cal. App 4th 952, 965 (2000)) (internal quotations omitted). Here, Defendants have sold thousands of defective products to Plaintiff and members of the putative class; they have profited from their failure to disclose defects and/or repair those defects once they manifest. Further, Defendants provided a warranty with little actual benefit, leaving Plaintiffs and members of the putative class stuck with the labor costs associated with repairing defects that, had Plaintiffs known about, they would not have purchased a Goodman Air Conditioner. There is no utility in this action on the part of Defendants against which to weigh. Accordingly, the conduct is unfair within the meaning of the UCL.

Defendants' motion completely ignores the numerous allegations in the Complaint regarding their unfair conduct, including that Defendants sold Goodman Air Conditioners containing defective evaporator coils that they knew

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

or should have known were unfit for their intended and ordinary use. (Compl. ¶¶ 3-8, 41, 46, 53, 54.)

### 4.    The Complaint Alleges Fraudulent Conduct Under the UCL

Plaintiffs' Complaint specifically alleges that Defendants' conduct was fraudulent in that they sold Goodman Air Conditioners to Plaintiffs and putative Class Members that they knew or should have known were inherently defective and failed to disclose those defects to buyers. "A fraudulent business practice is one which is likely to deceive the public. It may be based on representations to the public which are untrue, and also those which may be accurate on some level, but will nonetheless tend to mislead or deceive. A perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under the UCL." *McKell*, 142 Cal. App. 4th at 1471 (citing *Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1290 (2002); *Prata v. Superior Court*, 91 Cal. App. 4th 1128, 1137 (2001); *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992)) (internal citations omitted). "The determination as to whether a business practice is deceptive is based on the likely effect such practice would have on a reasonable consumer." *McKell*, 142 Cal. App. 4th at 1471 (citing *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 507 (2003)). Here, a reasonable consumer, including Plaintiffs, would not have purchased the Goodman Air Conditioners had they known about their true quality and that the "warranty" would provide inadequate benefits given the high labor costs necessary to keep the Air Conditioners even minimally operational. Defendants' failure to disclose this information is fraudulent within the meaning of the UCL.

"The fraudulent business practice prong of the UCL has been understood to be distinct from common law fraud. A common law fraudulent deception must be actually false, known to be false by the perpetrator and reasonably relied upon by a victim who incurs damages. None of these elements are required to state a claim

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

1  for injunctive relief under the UCL." *In re Tobacco II Cases*, 46 Cal. 4th 298, 312
2  (2009) (internal quotations omitted). "This distinction reflects the UCL's focus on
3  the defendant's conduct, rather than the plaintiff's damages, in service of the
4  statute's larger purpose of protecting the general public against unscrupulous
5  business practices." *Id.*

6  "Reliance is proved by showing that the defendant's misrepresentation or
7  nondisclosure was an immediate cause of the plaintiff's injury-producing
8  conduct." *In re Tobacco II Cases*, 46 Cal. 4th at 326. "A plaintiff may establish
9  that the defendant's misrepresentation is an immediate cause of the plaintiff's
10  conduct by showing that in its absence the plaintiff in all reasonable probability
11  would not have engaged in the injury-producing conduct." *Id.* "While a plaintiff
12  must show that the misrepresentation was an immediate cause of the injury-
13  producing conduct, the plaintiff need not demonstrate it was the only cause." *In re*
14  *Tobacco II Cases*, 46 Cal. 4th at 326. "It is not necessary that the plaintiff's
15  reliance upon the truth of the fraudulent misrepresentation be the sole or even the
16  predominant or decisive factor in influencing his conduct." *Id.* "It is enough that
17  the misrepresentation has played a substantial part, and so has been a substantial
18  factor, in influencing his decision." *Id.* Finally, "a presumption, or at least an
19  inference, of reliance arises wherever there is a showing that a misrepresentation
20  was material. A misrepresentation is judged to be material if a reasonable man
21  would attach importance to its existence or nonexistence in determining his choice
22  of action in the transaction in question…" *Id.* at 327.

23  Here, the misrepresentations came in the form of Defendants' boasts of the
24  quality of the Goodman Air Conditioners. Had Plaintiffs known the true quality of
25  the Air Conditioners, they would not have purchased them or would have paid far
26  less for them. As alleged in the Complaint, the Air Conditioners fail to even
27  provide cold air. (Compl. ¶57.) Certainly, in the context of purchasing an air
28

13                           SACV13-01223 DOC
**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN**
**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**

conditioner this is the most important factor. Defendants cannot seriously argue that their failure to disclose this information is anything but material.

Under California law, "[a] consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy the standing requirement of [the UCL] by alleging . . . that he or she would not have bought the product but for the misrepresentation." *Kwikset Corp.*, 51 Cal. 4th 310, 329 (2011). Here, Defendants' made numerous representations in their marketing of the Goodman Air Conditions, many of which have been provided verbatim in the Complaint. (*See* Compl. ¶45.) By way of example, Defendants stated "[w]ith this central air conditioning system, you will enjoy top quality, high-efficiency cooling and chlorine-free refrigerant – all at a refreshingly affordable price." Here, Plaintiffs have experienced none of those things. They have an air conditioner that does not cool and requires constant service, which costs them money in labor costs.

"[S]uch materiality is generally a question of fact unless the fact misrepresented is so obviously unimportant that the jury could not reasonably find that a reasonable man would have been influenced by it." *Id.* "Whether a practice is deceptive or fraudulent cannot be mechanistically determined under the relatively rigid legal rules applicable to the sustaining or overruling of a demurrer." *McKell*, 142 Cal. App. 4th at 1472 (quoting *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1167 (2000)). "Rather, the determination is one question of fact, requiring consideration and weighing evidence from both sides before it can be resolved." *McKell*, 142 Cal. App. 4th at 1472 (quoting *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 857 (2002)).

Defendants' attempts to now paint their affirmative representations of the supposed quality of the Goodman Air Conditioners as "vague, generalized and subjective statements" must fail. (Def's Mot. at p.10 ln.15.) Defendants' representations about the Goodman Air Conditioners formed express warranties

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

and went far beyond mere commercial puffery. Defendants represented that the Goodman Air Conditioners were durable, long-lasting, and would provide quality air conditioning. They did none of those things.

## B.   DEFENDANTS' ADVERTISING OF THE AIR CONDITIONERS WAS FALSE AND MISLEADING

Defendants' arguments against Plaintiffs' False Advertising Law are entirely derivative of their arguments against the UCL claim. Defendants again rely on the fallacy that because Plaintiffs did not themselves physically purchase the Goodman Air Conditioner they are not able to recover. This is untrue. As shown above, Plaintiffs' contractor purchased the Goodman Air Conditioner on their behalf and there is **no privity requirement**.

Defendants' invocation of Proposition 64 in their argument against the FAL claims does nothing to change the reality that Defendants engaged in unfair competition and Plaintiff suffered damage.  "[T]he Proposition 64 amendments to the UCL left entirely unchanged the substantive rules governing business and competitive conduct.  Nothing a business might lawfully do before Proposition 64 is unlawful now, and nothing earlier forbidden is now permitted." *Morgan v. AT&T Wireless Services, Inc.*, 177 Cal. App. 4th 1235, 1253 (2009) (quoting *In re Tobacco II Cases*, 46 Cal. 4th at 314) (internal quotations omitted).  "Proposition 64 did not propose to curb the broad remedial purpose of the UCL or the use of class actions to effect that purpose…" *In re Tobacco II Cases*, 46 Cal. 4th at 317.

## C.   PLAINTIFFS' CLRA CLAIM IS WELL-PLEADED

The California Consumer Legal Remedies Act ("CLRA") prohibits twenty-four "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." As alleged in the Complaint, Defendants violated the CLRA in selling defective Goodman Air Conditioners.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

1    First, Defendants' argument that the lack of an affidavit pursuant to Cal.

2    Civ. Code §1780(d) is fatal to Plaintiffs' CLRA claims is directly contrary to the

3    *Erie* doctrine, which requires that a federal court exercising diversity jurisdiction

4    apply federal law to procedural matters and state law to substantive matters.

5    *Brennan v. Lermer Corp.*, 626 F. Supp. 926, 929 (1986). If state law imposes

6    procedural burdens that are not inextricably linked to that state's substantive laws,

7    then the federal rule must prevail. *Id*. The venue affidavit requirement is a plain

8    example of a procedural requirement that violates the *Erie* Doctrine. The affidavit

9    is not linked to any substantive relief available under the CLRA, and instead, it

10   needlessly compounds the procedural standards for establishing venue in federal

11   courts. *Evan v. Linden Research, Inc.*, 763 F. Supp. 2d 735, 737 n.1 (E.D. Pa.

12   2011). For these reasons, the CLRA requirements are unenforceable here. Finally,

13   the Complaint specifically states that Plaintiffs "are citizens and residents of

14   California, residing in Anaheim, Orange County, California." (Compl. ¶18.)

15   Plaintiffs can easily provide the affidavit if so required.

16   Second, Defendants, again, wrongly argue that because Plaintiffs'

17   purchased their Goodman Air Conditioner through an agent rather than physically

18   purchasing it themselves they are barred from making a claim. Defendants are

19   incorrect and again cite a host of inapplicable cases where the plaintiffs failed to

20   show any loss because they did not purchase anything.

21   Plaintiffs' CLRA claims may be based on fraudulent omission if (1) the

22   omission was contrary to a representation actually made by the Defendants, or (2)

23   the omission was a fact the defendant was obliged to disclose. *In re NVIDIA GPU*

24   *Litig.*, 2009 U.S. Dist. LEXIS 108500, at *33-34 (N.D. Cal. 2009) (citing

25   *Daugherty v. Am. Motor Co.*, 144 Cal. App. 4th 824, 835 (2006)). The obligation

26   to disclose can arise in four circumstances: (1) when the defendant is in a fiduciary

27   relationship with the plaintiff; (2) when the defendant had exclusive knowledge of

28   material facts not known to the plaintiff; (3) when the defendant actively conceals

16                          SACV13-01223 DOC

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact. *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1094-95 (N.D. Cal. 2007) (quoting *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997)).

### 1.    Plaintiffs Do Not Need Privity With Defendants to Allege a Claim Under the CLRA

Defendants again wrongly argue that privity is required despite the amble case law holding to the contrary. Thus, Plaintiffs' purchase of their Goodman Air Conditioner through their contractor rather than directly from Defendants does not require dismissal of the CLRA claim. *Chamberlan*, 369 F. Supp. 2d at 1144 (finding pure omissions actionable against defendant car manufacturer "despite the fact that they never entered into a transaction directly with defendant."); see also *In re NVIDIA GPU Litig.*, 2009 U.S. Dist. LEXIS 108500 (N.D. Cal. Nov. 19, 2009).

### 2.    Plaintiffs' Complaint Alleges Sufficient Reliance and Causation

Plaintiffs have sufficiently stated a fraudulent omission claim and reliance. The Complaint alleges that Defendants falsely represented that the air conditioners were of a certain standard or quality of which they were not. (Compl. ¶¶ 45-46.) The Complaint continues by asserting that the marketing efforts of Defendant reached "class members, their agents and/or third parties" and they relied on said advertisements when purchasing and installing the Goodman units. (Compl. ¶89.) Finally, Plaintiffs have suffered financial injury as a result of their reliance on the veracity of Defendants misrepresentations. (Compl. ¶ 54.) Defendants are therefore on notice, by virtue of the well pleaded Complaint, of Plaintiffs actual reliance on Defendants misrepresentations and the resultant harm. *See Falk*, 496 F. Supp. 2d at 1097 (claims survived motion to dismiss based on allegations that Defendant knew about defective speedometers from consumer complaints and

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

never notified other customers); *In re NVIDIA GPU Litig.*, 2009 U.S. Dist. LEXIS 108500 (claims survived motion to dismiss based on allegations that defendant concealed defective communications chips and Plaintiffs would not have purchased the defective products had they known about the defect); *see also Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1144-45 (N.D. Cal. 2005) (citing *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993) and finding non-disclosed information material if the plaintiff would have acted differently had he been aware of it).

## D. DEFENDANTS BREACHED THEIR CONTRACT WITH PLAINTIFF

Plaintiffs' Complaint states a valid claim for breach of contract. As alleged in the Complaint, the parties entered into a contract for the sale of a Goodman Air Conditioner. (Compl. ¶¶92-95.) The Goodman Air Conditioner provided to Plaintiffs in the course of that contract for sale is defective and fails to perform as a residential air conditioner should. Accordingly, Defendants have breached the contract.

The necessary elements to recover for a breach of contract claim in California are: (1) the existence of a contract; (2) a breach thereof; and (3) damages flowing from the breach. *ProMex, LLC v. Hernandez*, 781 F.Supp.2d 1013, 1017 (C.D. Cal. 2011); *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (Ct. App. 2008). Under California law, as elsewhere, supplying a buyer with a defective product is a breach of contract. See *NuCal Foods, Inc. v. Quality Egg LLC*, 918 F.Supp.2d 1023, 1025 (E.D. Cal. 2013) (noting that a breach of contract occurs when a defective product causes damage to "other property.").

Even if the Court were to accept Defendants' arguments regarding Plaintiffs not being party to the contract because their agent physically purchased the Goodman Air Conditioner, then Plaintiffs are third party beneficiaries of the

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

purchase of the Goodman unit by WCS Restoration. (Compl. ¶¶ 56, 93-94.) Plaintiff alleged that Goodman breached the contract by providing a defective product. (Compl. ¶¶ 57-61, 94.) Plaintiff alleged that they were damaged by having to make repairs to and replace the defective product. (Compl. ¶¶ 57-61.) Plaintiff has therefore alleged a valid claim for breach of contract.

### E.   DEFENDANTS BREACHED THEIR WARRANTIES

#### 1.   Defendants Breached the Terms of Their Express Warranty

Defendants provide an express warranty with the Goodman Air Conditioners representing that they will be "free from defects in materials and workmanship under normal use and maintenance…" The Goodman Air Conditioners fail to perform as represented and thus Defendants have breached their express warranty. Further, Defendants make numerous additional representations regarding the quality, long term durability, and fitness of the Goodman Air Conditioners. (*See* Compl. ¶45.) Unfortunately, the Goodman Air Conditioners similarly fail to perform to those representations. Accordingly, Defendants have breached their express warranties.

In California, "[i]n order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986). The omission of specific pleadings as to reliance are not fatal if "reliance can be reasonably inferred from the tenor and totality of the allegations in the complaint." *Id.*

Here, Plaintiff alleged that they purchased a Goodman Air Conditioner through their agent. (Compl. ¶ 56.) Plaintiff alleged that Goodman made numerous representations regarding the quality of the air conditioners and their fitness for use. (Compl. ¶¶ 37-41.) Plaintiff alleged that the air conditioners did not conform

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

to the warranties made by Defendant. (Compl. ¶¶ 42-58, 94, 99.) Plaintiff alleged that Goodman received notice through their warranty claims as well as through the overwhelming consumer outcry regarding the quality of the air conditioners. (Compl. ¶¶ 57-59, 86, 108.) Further, Plaintiff alleged the numerous replacement and repairs that were made by Plaintiffs after installation. (Compl. ¶¶ 55-61.) Obviously after providing numerous replacement parts, Defendants were on notice of the defective nature of Plaintiffs' Goodman Air Conditioner and did nothing to remedy the problem. Plaintiffs additionally alleged that they suffered damages in the form of labor costs and replacement parts as a result of Defendants breach. (Compl. ¶¶ 55-61, 104, 110.) Even if Defendants did not receive notice from Plaintiffs of their breach of warranty claim, no notice was required under California law. "[T]imely notice of a breach of an express warranty is not required where the action is against a manufacturer and is brought 'by injured consumers against manufacturers with whom they have not dealt.'" *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 989 (N.D. Cal. 2009) (quoting *Greenman v. Yuba Power Prods.*, 59 Cal. 2d 57, 61 (1963)); *see also Keegan v. American Honda Motor Co. Inc.*, 284 F.R.D. 504, 547 (C.D. Cal. 2012) (noting that "California law does not require pre-suit notice where the consumer did not deal directly with the manufacturer.")

### 2. Defendants Breached the Implied Warranty of Merchantability

Defendants' Goodman Air Conditioners fail to perform even the basic functions of an air conditioning system and thus have breached the implied warranty of merchantability. Defendants' arguments against this claim are more of the same relying on the false notion that there is a lack of privity between Defendants and Plaintiffs. Plaintiffs' agent, WCS Reconstruction, purchased the Goodman Air Conditioner on their behalf during the course of constructing their home, accordingly, Plaintiffs and Defendants are in privity.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

Even if the parties did lack privity, it would still not be a barrier to the implied warranty of merchantability claim in this case. While, "[t]he general rule is that privity of contract is required in an action for breach of … implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale[,]" *All West Elecs., Inc. v. M-B-W, Inc.*, 64 Cal. App. 4th 717 (1998), a plaintiff may maintain an implied warranty claim against a manufacturer when a plaintiff is a third party beneficiary of a contract between the manufacturer and a third party. *See Cartwright v. Viking Industries, Inc.*, 249 F.R.D. 351, 356 (E.D. Cal. 2008), (relying on *Gilbert*, 82 Cal. App. 3d at 69.

As discussed above, if the Court accepts Defendants' privity arguments, Plaintiffs are still third-party beneficiaries of the sale contract and, accordingly, may enforce the implied warranty of merchantability against Defendants. See *Gilbert*, 82 Cal. App. 3d at 69 (holding that homeowner was third-party beneficiary of contract between contractor and subcontractor); *Arnold v Dow Chemical* Co., 91 Cal. App. 4th 698, 720 (2001) (finding that, because distributors and retailers were not the intended end consumers, plaintiff was entitled to claim of breach of implied warranty of merchantability); *Cartwright*, 249 F.R.D. at 356 (E.D. Cal. 2008) (holding that end consumers were entitled to breach of implied warranty claim against manufacturers because they were the intended consumers).

Defendants' arguments regarding the one-year limitation on implied warranty claims are similarly defective. The defects in the Goodman Air Conditioners are latent, known only to Defendants, and are thus not discoverable at the time of sale by Plaintiffs. *See Mexia v. Rinker Boat Co., Inc.,* 174 Cal. App. 4th 1297, 1305-06 (2009). Plaintiffs notified Defendants of the defects in their Goodman Air Conditioner by way of the repairs made in June and July 2013. Plaintiffs filed suit within months after that and thus their claims are timely.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

As such, Plaintiff's claim for breach of implied warranty of merchantability is alleged sufficiently in the Complaint because Defendants extended the express warranties to Plaintiffs, Plaintiffs are the intended beneficiaries of the purchase contract, and Plaintiffs were the intended end consumers. Accordingly, Defendants' arguments must fail.

### 3.    Defendants' Conduct Violated the Magnuson-Moss Act

The Magnuson-Moss Warranty Act ("MMWA") provides a consumer remedy to enforce the terms of an implied or express warranty made in connection with the sale of a consumer product. See 15 U.S.C. §2310(d). The MMWA defines a written warranty as:

> any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time.

15 U.S.C. § 2301(6)(A).

Defendants' arguments regarding Plaintiffs' MMWA claim is a rehash of their arguments against the breach of express and implied warranties claims. Defendants merely reargue that they must be "afforded a reasonable opportunity to cure such failure to comply" with their warranty. This argument ignores that Defendants had numerous opportunities to cure their failure to honor their warranty. Each time they provided more defective parts that never resulted in a properly functioning air conditioner. (Compl. ¶¶ 57-59.) Defendants had their opportunity to cure and chose not to. Plaintiffs are not required to "prove" anything at this stage, only allege, and they did so in their Complaint.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## F.  DEFENDANTS FRAUDULENTLY CONCEALED THE DEFECTIVE NATURE OF THE AIR CONDITIONERS

Plaintiffs' Complaint pleads valid causes of action for fraudulent concealment and negligent misrepresentation. "The elements of common law fraud in California are (1) a misrepresentation of a material fact (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 259 (2011) (citing *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004)). "Negligent misrepresentation is narrower than fraud." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Shamsian v. Atl. Richfield Co.*, 107 Cal. App. 4th 967, 984 (2003)). "Negligent misrepresentation lacks the element of intent to deceive. Therefore, where the defendant makes false statements, honestly believing that they are true, but without reasonable ground for such belief, he may be liable for negligent misrepresentation, a form of deceit." *Platt Elec. Supply, Inc.*, 522 F.3d at 1055 (quoting *Intrieri v. Superior Court*, 117 Cal. App. 4th 72, 86 (2004)).

Here, as alleged in the Complaint, Defendants both misrepresented the quality and performance of the Goodman Air Conditioners *and* failed to disclose material facts about their defective nature. "A failure to disclose a fact can constitute actionable fraud or deceit in four circumstances: (1) when the defendant is the plaintiff's fiduciary; (2) when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations that are misleading because some other material fact has not been disclosed." *Collins*, 202 Cal. App. 4th at 255.  Here, Defendants as the manufacturers of the Goodman Air Conditioners obviously had exclusive knowledge of their defective nature and failed to disclose those facts.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

Thus, Plaintiffs have adequately alleged multiple material misrepresentations and omissions of fact.

First, Defendants' first argument is again a simply the fallacy that Plaintiffs did not purchase the Goodman Air Conditioner and, as discussed above, this is not true. Second, Plaintiffs' alleged that Defendants had knowledge of the defects and failed to disclose them. (Compl. ¶¶112, 121.) Third, as discussed above, Defendants' representations regarding the quality and performance of the Goodman Air Conditioners went far beyond mere commercial puffery. Fourth, Plaintiffs' claims are made with the required specificity. Defendants' are fully aware of the claims presented against them.

## G.    DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED BY THEIR CONDUCT

Numerous courts in California have recognized an independent cause of action for unjust enrichment. See *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1662-63 (1992); *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000). Here, as alleged in the Complaint, Plaintiffs have asserted a claim for unjust enrichment from class wide proof. *See Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 239 (C.D. Cal. 2003). (certifying a nationwide class where Plaintiffs alleged defendants were unjustly enriched through a common scheme.). Defendants profited from and through their defective design of the air conditioners which caused Plaintiffs to suffer a loss of money. (Compl. ¶¶ 141-145.) As such, Plaintiffs' claim for unjust enrichment is valid and should be maintained in this action.

## H.    PLAINTIFFS ARE ENTITLED TO DECLARATORY RELIEF

Defendants' arguments that Plaintiffs are not entitled to a claim of declaratory relief because that claims is "superfluous and unnecessary" as other "claims would sufficiently resolve the controversy" are in direct contradiction to the plain language of the Federal Rules of Civil Procedure, which specifically

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

allow for pleading in the alternative. FED. R. CIV. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."); *see also In re TFT-LCD Antitrust Litig.*, 2011 U.S. Dist. LEXIS 32380, at *22-23 (N.D. Cal. Mar. 25, 2011) (granting plaintiff leave to amend their complaint to explicitly plead equitable claims in the alternative).

The fact that Plaintiffs' claims for declaratory relief are premised upon the same facts as the other claims pled in the Complaint has no bearing on the whether the declaratory claims should survive at this point. Accordingly, Defendants' arguments to the contrary must fail.

# V.  CONCLUSION

Defendants' motion to dismiss is a boiler plate attack on Plaintiffs' Complaint. It is clear that Plaintiffs have pleaded more than adequate facts to show that Defendants' have manufactured, marketed, and sold a defective product to Plaintiffs and a class of California homeowners. Accordingly, Defendants' motion to dismiss should be denied or, in the alternative, Plaintiffs should be granted leave to amend their Complaint.

Dated this 21st day of October, 2013          AUDET & PARTNERS, LLP


/s/ Jonas P. Mann
Jonas P. Mann
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone:  415.568.2555
Facsimile:  415.568.2556
jmann@audetlaw.com
*Attorneys for Plaintiffs*

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT