JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 13-1223-DOC (RNBx) | Date: November 25, 2013 |

Title: ANNE MCVICAR, ET AL. v. GOODMAN GLOBAL INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO STAY CASE PENDING JPML RULING**

Before the Court is a Motion to Stay Case filed by Defendants Goodman Company LP, Goodman Global Inc., and Goodman Manufacturing Company LP ("Goodman") on November 11, 2013. (Dkt. 18). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the motion, opposition, and reply, the Court hereby GRANTS Defendants' Motion.

### I. BACKGROUND

Goodman designs, manufactures, and sells air conditioning units. Compl. ¶ 2. Three class actions were filed against Goodman, all alleging that two of the models were defective. Mot. at 1-2.

The first class action was filed on December 19, 2012 by Plaintiff PB Property Management in the Middle District of Florida. Mot. at 2. The second was filed on May 7, 2013 by Plaintiff Janet Helm also in the Middle District of Florida. *Id.* Both of those actions purport to represent putative class claimants only in Florida. *Id.*

On August 12, 2013, Plaintiffs Anne and Archie McVicar ("the McVicars") filed a putative class action in this Court. Compl. at 1. This action purports to represent putative class claimants only in California. On October 4, 2013, Goodman filed a motion to dismiss this action. (Dkt. 10).

PB Property Management moved the Judicial Panel on Multidistrict Litigation ("JPML") to transfer all three actions to the Middle District of Florida for pretrial coordination or consolidated proceedings. Mot. at 2-3. In short, PB Property Management argues that all three actions share common questions of fact or law. *Id.* The MDL Motion is scheduled to be heard on December 5, 2013. *Id.*

Other than the Motion to Stay, the Court is considering only the Motion to Dismiss.

## II. DISCUSSION

Most of the McVicars' opposition to this Motion is dedicated to explaining why the JPML should not transfer this action to the Middle District of Florida. This Court will leave that decision to the JPML. Rather, the Court will narrow its analysis to whether a temporary stay is appropriate.

"Whether or not to grant a stay is within the court's discretion and it is appropriate [only] when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). To make the determination, courts evaluate: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.*

First, a stay would cause, at most, minimal prejudice to the McVicars. The JPML is set to hear the MDL Motion on December 5, 2013. The Rule 26(f) report is not due until December 30, 2013. (Dkt. 17). A scheduling order will not be issued until January 31, 2014. Frankly, the Court is hard-pressed to make sense of the McVicars' assertion that it will be prejudiced if the case is stayed for a few weeks.

Second, if the JPML does transfer this action to Florida, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers*, 980 F. Supp. at 1360-61. Furthermore, "any efforts . . . concerning case management would most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id.* at 61.

In short, if this action had progressed further along or if the requested stay was for a longer period of time, this Court would face a much more difficult question. But, here, in consideration of the fact that the action is still in its nascent stages of development and out of deference to the JPML, the Court finds it prudent to temporarily stay this case pending a decision by the JPML. *See Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1988) ("Courts frequently grant stays pending a decision by the MDL Panel").

## III.   DISPOSITION

Goodman's Motion to Stay is GRANTED. The case is hereby STAYED pending a ruling by the Judicial Panel on Multidistrict Litigation on the MDL Motion, which is set for hearing on December 5,

2013.  Furthermore, the parties are hereby ORDERED to notify this Court when such a ruling is issued. (Case is stayed statistically pending ruling.)

 The Clerk shall serve this minute order on the parties.

Clerk's Initials: jcb